# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FISHER WIRELINE SERVICE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15-CV-627-JED-FHM ) ) |
| TUCKER ENERGY SERVICES, INC., et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the defendants' Motion to Dismiss (Doc. 20) plaintiff's Petition.[1] In considering a motion under Rule 12(b)(6), a court must determine whether the pleader has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when the pleading provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading of a claim must contain enough "facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). A court must accept all the well-pleaded allegations as true, even if doubtful, and must construe the allegations in the light most favorable to the claimant. *Twombly*, 550 U.S. at 555. However, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) (quotation omitted).

Generally, the sufficiency of a complaint must rest solely on its contents. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). There are three limited exceptions, which

---

[1] Plaintiff initiated this action by filing a Petition in Creek County District Court, and the defendants removed the action to this Court based upon diversity jurisdiction. (*See* Notice of Removal, Doc. 3).

permit a court to consider: (1) documents that the complaint incorporates by reference; (2) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," and (3) "matters of which a court may take judicial notice." *Id.* (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) and *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Here, both parties agree that the Petition references contracts which are central to the plaintiff's claims, and the parties do not dispute the authenticity of those documents. Namely, both parties attached copies of a Non-Competition Agreement to their briefing. (Doc. 20-1, Doc. 21-2). That document is central to plaintiff's claims in the Petition. In addition, plaintiff attached to its response copies of an Equipment Lease and Bill of Sale (Doc. 21-4), which are directly referenced in the Non-Competition Agreement, and the defendants do not object to the Court's consideration of those documents.

Plaintiff's Petition asserts five (5) claims: breach of contract; negligence; interference with contractual relations; breach of fiduciary duty; and violation of the Oklahoma Trade Secrets Act (OTSA). Plaintiff provided no arguments in opposition to the motion to dismiss the claims for negligence and breach of fiduciary duty and has indicated an intent to "amend ... and withdraw" those claims. (Doc. 21 at 7-8). The motion to dismiss those claims will be granted.

With respect to plaintiff's breach of contract claim, the plaintiff alleges that it purchased tools and protected territory from the defendants and the defendants agreed that they would not operate or solicit customers in the protected territory. (Doc. 21-1 at ¶¶ 4-8). According to the plaintiff, defendants solicited and serviced plaintiff's customers and invaded the protected service area, in violation of the Non-Competition Agreement. (*Id.* at ¶¶ 9, 11-13). Plaintiff also asserts that defendants breached an agreement to repair tools purchased by plaintiff. (*Id.* at ¶ 10).

The defendants argue for dismissal of the breach of contract claim because the Non-Competition Agreement is an unlawful restraint of trade in violation of *Okla. Stat.* tit. 15, § 217. In response, the plaintiff asserts that the Equipment Lease and Bill of Sale amounted to a sale of goodwill, such that the exception to § 217 for restraints of trade made in connection with a sale of goodwill should apply. *See Okla. Stat.* tit. 15, § 218. However, the Petition does not make that assertion and does not contain sufficient factual averments to support plaintiff's conclusory allegations that the defendants breached the agreements. The Petition thus does not state a plausible breach of contract claim. *See Twombly*, 550 U.S. at 555; *Cory*, 583 F.3d at 1244.

Defendants also note that Davis Great Guns Logging, Inc. (Davis) and Fisher Wireline Services, Inc. (Fisher) were parties to the Non-Competition Agreement, Equipment Lease, and Bill of Sale, but Tucker Energy Services, Inc. (TES), Tucker Technologies, Inc. (TTI), and Tucker Wireline Services, Inc. (TWS) were not. (*See* Doc. 21-2, 21-4). In response, plaintiff contends that TES, TTI, and TWS are "the same business as Davis" and that Davis merely changed its name. Based upon an instrumentality theory, plaintiff claims that TES, TTI, and TWS are proper party defendants under the allegations of the Petition. The Court disagrees, because the Petition does not contain any factual allegations that would state a plausible claim against TES, TTI, or TWS premised upon piercing the corporate veil.[2]

---

[2] The "corporate veil should be pierced only reluctantly and cautiously." *See N.L.R.B. v. Greater Kansas City Roofing*, 2 F.3d 1047, 1051 (10th Cir. 1993). Both state and federal common law look to a number of factors in determining whether one entity is merely the instrumentality or alter ego of another. Those factors include stock ownership, common directors and officers, how the entities are financed, whether formal legal requirements are observed, gross undercapitalization of the subsidiary entity, as well as others. *See Key v. Liquid Energy Corp.*, 906 F.2d 500, 503-04 (10th Cir. 1990); *Frazier v. Bryan Mem. Hosp. Auth.*, 775 P.2d 281, 288 (Okla. 1989); *Parks v. Anderson*, 406 B.R. 79, 95-96 (D. Kan. 2009); *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1378–80 (10th Cir. 1980). Plaintiff's Petition does not contain any factual averments relating to those factors. Instead, plaintiff simply lumps all the defendants together in all allegations in the Petition.

There is also a paucity of factual averments supporting plaintiff's claim of interference with contractual relations. In support of that claim, the Petition merely asserts that the defendants interfered "by contacting and contracting with plaintiff's customers" and those "actions were with intentions to purposely injure" plaintiff. (Doc. 21-1 at ¶¶ 18-19). Plaintiff's bare allegations do not identify any particular contracts plaintiff has with any specified customer(s), how any particular defendant allegedly interfered with such contracts, or when the alleged interference(s) occurred. Plaintiff has provided little more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action," which is insufficient to state a plausible claim. *Twombly*, 550 U.S. at 555.

Plaintiff's claim for violation of the OTSA fails for the same reasons. For that claim, the Petition provides that "[d]efendants violated the provisions of the OTSA by acquiring [p]laintiff's customer list and using it to its [sic] benefit" and plaintiff was damaged. (Doc. 21-1 at ¶¶ 22-23). Plaintiff has provided no allegations of which defendant was involved in taking plaintiff's customer list, how that list was allegedly accessed, which persons representing which defendants are alleged to have engaged in the purported theft, when the list was taken, or how it was used in any manner that harmed the plaintiff. The Petition thus does not state a plausible claim for violation of the OTSA.

In light of the foregoing, the defendants' Motion to Dismiss (Doc. 20) is hereby **granted**. Plaintiff's claims of negligence and breach of fiduciary duty are dismissed, without leave to amend, as plaintiff has indicated an intention to withdraw those claims. The claims for breach of contract, interference with contractual relations, and violation of the OTSA are dismissed without prejudice. Plaintiff may file an Amended Complaint in an attempt to cure the deficiencies of the Petition. Any amendment shall be filed by February 29, 2016.

SO ORDERED this 9th day of February, 2016.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE